STUCKEY & TILLER COMPANY, A FLORIDA CORPORATION, *Appellant,* v. L. L. PRIEST AND J. N. TILLER AND H. L. ANDERSON, CO-PARTNERS AS J. N. TILLER & COMPANY, *Appellees.*

The denial of a temporary injunction will not be interfered with, where the good faith of the application is denied and the equities are not clear.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Hocker & Duval,* for appellant.

*H. L. Anderson* and *H. M. Hampton,* for appellees.

COCKRELL, J.—This is an appeal from two interlocutory orders refusing a temporary injunction.

The appellant, as complainant, filed its bill of complaint, designating its title to the *locus in quo* from the State, and further alleging that J. N. Tiller and Company were turpentining the lands under a lease from Priest, who held a tax title which it is claimed was void upon various specified grounds. The equity of the bill is sought to be placed upon the allegation that Priest was in reality the agent of Tiller & Company, and that J. N. Tiller of that partnership was likewise vice-president of the complainant company, and as trustee therefor any possession or rights he might acquire in the lands, as a member of the partnership would enure to the corporation by reason of his prior connection with the latter.

The bill prayed for the cancellation of the tax deed and the lease; that its title be quieted, and for temporary and perpetual injunction.

Immediately upon filing its bill and before time for the defendants' pleadings, application was made for temporary injunction against further trespass by turpentining, etc. Upon this application the defendants filed an affidavit denying the good faith of the application as being merely a ruse to speed the proceedings so as to gen an earlier decision of this court on the equities of the bill, setting forth that the president of the corporation had sought to get a lease from Priest but that Anderson had in fact secured it without the knowledge of Tiller, and that the partnership had operated the land for one year under the lease.

Upon the argument of the application the court held that actual possession being shown in the defendants, and no showing of insolvency or waste being made, the temporary injunction should be denied.

The equities of the bill were not fully passed upon by the court below in this case, and are not now before us. They are not so clear and overpowering in the face of the showing made as to cause us to interfere with the discretion, we have so frequently stated, as being of necessity lodged with the circuit courts in the grant or refusal of temporary injunctions. What we have said disposes of both motions.

The orders appealed from are affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.